BEFORE THE SECOND DIVISION, DECEMBER 20, 1955

**No. 59596.**—H. T. Kennedy Co., Inc., and Daniel F. Young, Inc. *v.* United States, protests 247833–K, 260323–K, and 259773–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of "Aladdin" rail lubricators and parts thereof similar in all material respects to those the subject of *H. T. Kennedy Co., Inc.*, and *Daniel F. Young, Inc.* v. *United States* (33 Cust. Ct. 68, C. D. 1637), the claim of the plaintiffs was sustained.

**No. 59597.**—Wilbur B. Driver Co. and Import Export Service of N. J. *v.* United States, protest 195432–K (New York).

Opinion by LAWRENCE, J. At the first hearing, plaintiffs abandoned their claim that the rolls were dutiable as machine parts. Counsel for the Government stated that "It has been my understanding if the Court should find that this particular merchandise is not dutiable as assessed, that it is properly dutiable at 15 per centum ad valorem as a machine tool under paragraph 372 * * *. As part of a machine tool." The case was continued in order that a representative of the Government might have an opportunity to inspect certain of the imported rolls. This was done and, at the final hearing, counsel agreed that the steel rolls in question had been ground but had not been polished. The court held that, since paragraph 344 is limited to "Cylindrical steel rolls ground and polished," with certain qualifications as to value and percentages of certain alloys, it seems obvious that unless such rolls are both ground and polished they are not within the terms of the paragraph. On the record presented, the claim of the plaintiffs that the articles are duitable at 15 percent under the provision in paragraph 372, as modified, *supra*, for parts of machine tools was sustained.

**No. 59598.**—Baar & Beards, Inc., et al. *v.* United States, protests 190114–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59599.**—Air Clearance Ass'n, Inc., et al. *v.* United States, protests 247109–K (B), etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59600.**—Victor B. Handal & Bro., Inc., et al. *v.* United States, protests 253282–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59601.**—Glensder Textile Corp. et al. *v.* United States, protests 264552–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59602.**—Lana, Inc. *v.* United States, protest 247195–K (New York).